IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ROBERT HAYNES,

    Petitioner,

v.

COLETTE PETERS, et al.,

    Respondents.

Case No. 2:18-cv-00331-MO

OPINION AND ORDER

    Michael Robert Haynes
    6825517
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR 97801-9699

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a 2015 decision by the Oregon Board of Post-prison Supervision ("Board"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed because it is untimely.

## BACKGROUND

Petitioner is serving a life sentence with a 30-year minimum term following his 1986 guilty plea to one count of Aggravated Murder in Washington County. On April 8, 2015, the Board conducted a murder review hearing pursuant to ORS 163.105 and concluded that Petitioner was not likely to be rehabilitated within a reasonable time, and that he could not petition for another murder review hearing until April of 2025. Petitioner timely for administrative review, which the Board denied on April 27, 2016. Respondent's Exhibit 111, p. 17.

The Board mailed its denial of administrative review on May 4, 2016. *Id*. Pursuant to ORS 144.335, Petitioner had 60 days from the mailing date in which to file for judicial review, but he failed to meet this deadline. As a result, the Oregon Court of Appeals dismissed Petitioner's appeal on procedural grounds. Respondent's Exhibit 112, p. 1. The Oregon Court of Appeals denied Petitioner's subsequent motion for reconsideration, and the Oregon Supreme Court found that it lacked jurisdiction because Petitioner had not timely sought judicial review. Respondent's Exhibit 118. The Oregon Supreme Court denied a

subsequent motion for reconsideration, and the U.S. Supreme Court denied certiorari. Respondent's Exhibits 125, 126.

In the meantime (and before the mailing of the Board's administrative review denial), Petitioner filed a state habeas corpus action in April 2016 challenging the Board's decision. The Marion County Circuit Court concluded that a state habeas corpus action was not a proper vehicle by which to challenge the Board's decision and, even assuming it was, the challenge lacked merit.[1] Respondent's Exhibits 104, 105. The Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 108 (ER-1), 109.

Petitioner filed this federal habeas corpus action on February 15, 2018 challenging the Board's April 8, 2015 decision.[2] Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to timely file this case; (2) all of Petitioner's claims are procedurally defaulted; and (3) to the extent Petitioner seeks to challenge the denial of his state habeas corpus action, that action was not properly filed in state court and, therefore, is not properly at issue in this federal habeas proceeding.

///

---

[1] In Oregon, state habeas relief is unavailable to challenge a parole decision if the inmate is eligible to seek judicial review of the Board's decision. ORS 34.330.

[2] Although the Petition was actually filed with the Court on February 20, 2018, pursuant to the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000).

3 - OPINION AND ORDER

**DISCUSSION**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") generally requires that habeas corpus petitioners file their petitions within one year of the time their underlying convictions became final at the conclusion of his direct review. 28 U.S.C. § 2244(d)(1)(A). In cases such as this one where a habeas petitioner challenges a parole board decision, the one-year statute of limitations commences pursuant to 28 U.S.C. § 2244(d)(1)(D) on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" which for purposes of parole deferrals is "the date the administrative decision became final." *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). Where Oregon's administrative review process specifically provides for direct judicial review, once Petitioner could no longer properly file for direct judicial review, the appeal became final and the one-year statute of limitations began to run. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).

Petitioner had until July 5, 2016 in which to file for judicial review. As noted in the Background of this Opinion, Petitioner failed to do so in a timely fashion. As a result, the AEDPA's one-year statute of limitations commenced on July 6, 2016 and ran unabated until Petitioner filed this federal habeas case on February 15, 2018,[3] thereby placing him well outside of the

---

[3] Where Petitioner's state habeas corpus action was not properly filed, it did not toll the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Similarly, because Oregon's state courts rejected the state habeas case on procedural grounds, to the extent Petitioner intends to challenge the denial of state habeas relief in this federal proceeding, he is not entitled to

AEDPA's one-year statute of limitations. The Petition is therefore untimely.[4]

**CONCLUSION**

The Court dismisses the Petition for Writ of Habeas Corpus (#1), with prejudice, on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of March, 2019.

Michael W. Mosman
United States District Judge

---

relief. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (independent and adequate procedural ruling precludes habeas review); *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (even where state court makes alternative merits decision, independent and adequate analysis precludes federal habeas review).

[4] Even if Petitioner had timely filed his federal Petition for Writ of Habeas Corpus, because he did not timely file for judicial review in the Oregon Court of Appeals, he did not fairly present the merits of his claims to Oregon's state courts such that the claims are unpreserved for federal habeas review. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

5 - OPINION AND ORDER